UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL WILLIAMS, | |
| Plaintiff, | Case No. 4:05-cv-77 |
| v. | Honorable Robert Holmes Bell |
| PATRICIA CARUSO et al., | |
| Defendants. | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff is currently incarcerated at the Ionia Maximum Correctional Facility. In his *pro se* complaint, Plaintiff sues the Director of the Michigan Department of Corrections (MDOC) Patricia Caruso, Deputy Warden C. Anderson and Assistant Deputy Warden L. Upchurch.

Plaintiff's complaint concerns the alleged failure of the MDOC to conduct a formal administrative hearing before classifying Plaintiff as a homosexual predator in violation of his constitutional right to due process and the rules set forth in the "MDOC Hearing Handbook." Plaintiff received a major misconduct report on April 28, 1994, for charges of sexual assault and threatening behavior. The Major Misconduct Report states that Plaintiff threatened another prisoner on two occasions with severe physical harm if he did not perform oral sex on him. (See Ex. A to Compl., Major Misconduct Report.)

Plaintiff received an MDOC Notice of Intent to Conduct an Administrative Hearing (Notice of Intent or NOI) on May 4, 1994. The NOI's proposed disposition states that "[Plaintiff] is to be reclassified as a homosexual predator, and transferred to a facility with single cell/room which is capable of being monitored by staff." (See Ex. B to Compl., Notice of Intent to Conduct an Administrative Hearing.) Plaintiff argues that no findings of fact or conclusions of law were established in the Notice of Intent as to Plaintiff's classification as a homosexual predator and therefore, the NOI should be dismissed.

According to the MDOC Major Misconduct Hearing Report, Plaintiff received a hearing on May 5, 1994. The hearing officer found Plaintiff guilty of the charge of sexual assault and dismissed the charge of threatening behavior. (See Ex. A to Compl., Major Misconduct Hearing

Report.)  Plaintiff argues, however, that the Major Misconduct Hearing Report does not include the classification of Plaintiff as a homosexual predator in contradiction to the NOI.

On May 6, 1994, the MDOC transferred Plaintiff to the State Prison of Southern Michigan - Central Complex (SMI).  While at SMI, Plaintiff alleges that he never received an administrative hearing for the homosexual predator classification listed on the Notice of Intent.  The MDOC then transferred Plaintiff to the Carson City Correctional Facility (DRF) on May 12, 1994.  Plaintiff also argues that he never received an administrative hearing on the homosexual predator classification while at DRF.

On August 8, 1994, Plaintiff pled guilty in Gratiot County Circuit Court to the charge of assault with intent to commit criminal sexual conduct for the April 28, 1994 incident.  Plaintiff was sentenced to six to ten years for the conviction.

Three years later, Plaintiff received another Notice of Intent on September 22, 1997 and an administrative hearing on October 8, 1997.  The September 22, 1997, NOI references Plaintiff's classification as a homosexual predator.  Plaintiff argues that the September 22, 1997, NOI should be set aside as it was based on the alleged defective May 4, 1994, Notice of Intent.  Plaintiff requests declaratory relief and court costs.  Among other things, Plaintiff requests removal of the May 4, 1994, Notice of Intent and September 22, 1997, Notice of Intent from his file and reclassification of Plaintiff into security level I status.

II.     Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges a violation of his constitutional rights under the Due Process Clause arising from the homosexual predator classification. However, a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff provides several grievances concerning his claims. The Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the court will dismiss his action without first requiring Plaintiff to exhaust any available administrative remedies.

U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in previous cases where a prisoner has challenged his homosexual predator designation. *See Washington v. Weist*, No. 97-1289, 1998 WL 466555, at *2 (6th Cir. July 31, 1998); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, *1 (6th Cir. March 22, 1993). Plaintiff's designation as a "homosexual predator" is nothing more than a security classification used by the prison. Because Plaintiff does not have a constitutional right to a particular security level or classification, he fails to state a due process claim.

Plaintiff claims that he was improperly labeled as a homosexual predator as a result of a major misconduct. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed, is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing

necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges). *See also Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, 124 S. Ct. 1303, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good time as the result of the misconduct conviction. Under Michigan law, a prisoner loses good time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff does not assert that he did not forfeit good time credit for the month of his conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not

successful, he may then seek to overturn the convictions by bringing a federal habeas corpus action.[2] Accordingly, because Plaintiff has not shown that his conviction has been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### III.     Statute of Limitations

As to Plaintiff's claim regarding his initial classification as a homosexual predator on May 4, 1994, Plaintiff's complaint is untimely. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the

---

[2] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[3] Plaintiff's complaint is untimely. He asserts claims arising on May 4, 1994. Plaintiff had reason to know of the "harms" done to him at the time they occurred. Plaintiff was aware of the predatory homosexual designation on the May 4, 1994 Notice of Intent as he signed the Notice of Intent. Hence, his claims accrued in 1994. However, he did not file his complaint until July 2005, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations where a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir.1991); *Mason v. Department of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002). As a result, Plaintiff's claim regarding his initial classification as a homosexual predator is time-barred.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255

---

[3] The Supreme Court's decision in *Jones v. Donnelley & Sons Co.*, 124 S. Ct. 1836 (2004) does not apply to claims brought by prisoner's under 28 U.S.C. § 1983, because although the statute was amended in 1996, the amendments did not "ma[k]e possible" a prisoner civil rights action under § 1983. *Id.*, at 1845.

- 8 -

appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

        This is a dismissal as described by 28 U.S.C. § 1915(g).

        A Judgment consistent with this Opinion will be entered.


Date:   September 16, 2005                    /s/ Robert Holmes Bell
                                                                  ROBERT HOLMES BELL
                                                                  CHIEF UNITED STATES DISTRICT  JUDGE